■ EDWARD MARCHIONE, Respondent, v NORA A. MCKENNA, as Executrix of GEORGE W. MCKENNA, Deceased, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Plaintiff has recovered a damage judgment for personal injuries sustained in an automobile accident in March, 1971. The accident occurred when a vehicle operated by defendant's testate crossed over the center line of a four-lane highway and collided with the front of the vehicle operated by plaintiff, then proceeding in the opposite direction in its own lane of traffic. Immediately after the impact, it appeared that decedent was dead or in the throes of death and defendant contended that the accident was the unforeseeable consequence of a sudden and unexpected heart attack to decedent which preceded his loss of control of his vehicle. In support of her position, she offered evidence that decedent had suffered a heart attack in 1958, suffered another "circulatory insult" in June, 1970 and expert testimony tending to show that decedent was dead before the accident occurred. The court correctly charged the jury on the degree of care required from a defendant suffering from a disability (see 1 NY PJI 2:22). After deliberating for some time, the jury returned to the courtroom and requested that the stenographer reread the testimony of defendant's doctor concerning the period after decedent returned to work after September 25, 1970, "did Dr. Secrist maintain regular telephone contacts with Mr. McKenna regarding his condition and medication?" Upon questioning, the foreman indicated that the jurors were interested in "that period of time from Mr. McKenna's summer point where he was disabled". The court thereupon directed the stenographer to read two pertinent portions of testimony concerning treatment of Mr. McKenna for the period in question, but neither concerned telephone communications between decedent and the doctor. The court then asked the foreman of the jury if that was the testimony desired, to which the foreman answered "yes". The jury retired and returned with a verdict for plaintiff shortly afterwards. After the jury retired, defense counsel stated that he believed there was additional testimony in the record which specifically dealt with telephone communications but the court accepted the foreman's statement that the jury was satisfied and declined to have any further testimony read. On this appeal, defendant points to an earlier portion of Dr. Secrist's testimony in which he mentioned telephone conversations with decedent concerning the necessity of adjusting decedent's medication after periodic laboratory tests for prothrombin time. It is not clear from the record whether this testimony referred to the period before or after the "circulatory insult" in June, 1970 or whether in fact he had ever talked to decedent after that time. In view of the foreman's expressed satisfaction with the testimony read to the jury and the ambiguous nature of the testimony requested, we find no error in the court's ruling. (Appeal from judgment of Erie Supreme Court—automobile negligence.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.